# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

## Case No. 24-10855

Aunt Bertha, doing business as Findhelp,

    Plaintiff - Appellee

v.

National Labor Relations Board, a federal administrative agency; Jennifer Abruzzo, in her official capacity as the General Counsel of the National Labor Relations Board; Lauren McFerran, in her official capacity as the General Counsel of the National Labor Relations Board; Marvin E. Kaplan; Gwynne A. Wilcox; David M. Prouty, in their official capacities as Board Members of the National Labor Relations Board; John Doe, in their official capacity as an Administrative Law Judge of the National Labor Relations Board,

    Defendants - Appellants

## NATIONAL LABOR RELATIONS BOARD'S
## OMNIBUS MOTION TO CONSOLIDATE, TO EXPEDITE, AND TO AMEND CAPTIONS

The National Labor Relations Board ("NLRB")[1] respectfully moves

to consolidate the above-numbered actions pursuant to Federal Rule of

Appellate Procedure 3(b), to expedite the processing of those appeals

pursuant to 5th Cir. Rule 47.7(4), governing the processing of

---

[1] We will refer to the "NLRB" when discussing the agency as a whole, and to "the Board" when discussing the five-member quasi-judicial, quasi-legislative body established by Section 3(a) of the Act, 29 U.S.C. § 153(a).

preliminary-injunction appeals, and to amend the captions of the consolidated cases to correct two typographical errors.

1. Case Nos. 24-40533 (involving Energy Transfer, L.P. and La Grange Acquisition, L.P.) and 24-10855 (involving Aunt Bertha) are appeals from preliminary injunctions halting scheduled NLRB unfair-labor-practice hearings on the purported basis that the NLRB administrative law judges presiding over those hearings are unconstitutionally shielded from removal. Case No. 24-50627 (involving Space Exploration Technologies Corp.) is an appeal from a preliminary injunction halting further proceedings in an NLRB unfair-labor-practice case on identical grounds, in addition to the purported ground that the members of the National Labor Relations Board itself are unconstitutionally shielded from removal.[2]

---

[2] In two separate cases not encompassed by this motion, Space Exploration Technologies Corp. ("SpaceX") and Amazon.com Services, LLC ("Amazon"), are seeking appellate review of certain overlapping issues. *See Space Exploration Technologies Corp. v. NLRB*, No. 24-40315 (5th Cir.); *Amazon.com Services, LLC v. NLRB*, No. 24-50761 (5th Cir.). For the reasons explained in the NLRB's recently-filed brief in case 24-40315, the Court has no subject-matter jurisdiction to hear those appeals at all, and even if it did, it could properly be exercised only to remand those cases for decisions on the appellants' motions for preliminary injunctions. [ECF No. 139-1 in Case No. 24-40315.]

In addition to the identical merits theory upon which each of the decisions on appeal rely in part or whole, all three decisions below hold that irreparable harm is automatically shown when a plaintiff alleges that the defendant's conduct violates the Constitution. The NLRB intends to argue, with respect to each case on appeal, that the district courts improperly extended irreparable-harm principles limited to First Amendment and privacy-related contexts to any constitutional claim.

Under Rule 3(b), a court may consolidate actions which involve common questions of law or fact. Fed. R. App. P. 3(b); *Alford v. Gen. Motors Corp.*, 926 F.2d 528, 529 (6th Cir. 1991). The objective of consolidation is to administer judicial business economically and expeditiously while ensuring justice for the parties. *Chem One, Ltd. v. M/V Rickmers Genoa*, 660 F.3d 626, 642 (2d Cir. 2011) ("in assessing whether consolidation is appropriate in given circumstances, a court should consider both equity and judicial economy") (cleaned up).

Federal courts have "broad discretion" to determine whether consolidation is desirable. *Frazier v. Garrison I.S.D.,* 980 F.2d 1514,

---

Consolidation with either case is therefore inappropriate, as it would substantially delay their resolution despite injunctions pending appeal having already been granted over the NLRB's strong objection in each.

1532 (5th Cir. 1993) (consolidation by district courts). The matters of convenience and economy of administration are important considerations in determining whether to consolidate actions presenting a common issue of law or fact. *St. Bernard Gen. Hosp., Inc. v. Hosp. Serv. Ass'n of New Orleans, Inc.,* 712 F.2d 978, 990 (5th Cir. 1983) (identifying key questions as "the interests of judicial economy and fundamental fairness to the parties"). That goal would manifestly be realized by consolidation here—it makes little sense to have three different panels receive three similar sets of briefing and hold three oral arguments largely addressing identical legal issues, when the first panel to rule will (absent *en banc* action) issue a controlling opinion.[3] For these reasons, consolidation of the above-captioned appeals is appropriate.

2. In the NLRB's view, the best way to balance expediency with the available resources of the parties is to provide for the filing of

---

[3] While some of the instant cases raise issues other cases do not, that issue is more appropriately dealt with by a modest extension of word limits in a single brief than by soliciting tens of thousands of largely repetitive words in parallel briefing. At this time, the NLRB has not determined the number of words it will require; to avoid unnecessary motion practice, it intends to file a motion to expand word limits (if such is needed) closer to the time of filing of its principal brief.

4

consolidated briefs on the schedule currently established in case no. 24-50627. That schedule currently provides for the filing of the NLRB's opening brief on October 28, the next business day after the 40th day from issuance of the court's scheduling order on September 17. Due to numerous prior commitments in other cases of the NLRB personnel assigned to this case, it will not be possible to produce a consolidated brief prior to that time.[4] Appellees' brief(s) would be due November 27, and the NLRB's reply brief would be due December 18. The net result of such an order would be a slight postponement of briefing in Case No. 24-40533 (*Energy Transfer*), a slight expedition of briefing in Case No. 24-10855 (*Aunt Bertha*), and no change to the briefing schedule in Case No. 24-50627 (*SpaceX*).

Counsel for Energy Transfer indicated its opposition to consolidation. Counsel for SpaceX was contacted for their position, but

---

[4] The NLRB sought an extension of time to file its brief in Case No. 24-40533 to coincide with its brief in Case No. 24-50627, which request was denied in part by a clerk's order issued Oct. 2, 2024, setting a briefing date of Oct. 21, 2024, which was the date offered by Appellee. The requested consolidation order would reset this date to October 28. Notably, each appellee has already obtained the benefit of a preliminary injunction; no appellee can point to any prejudice from a unified briefing schedule.

did not respond at the time of this filing. Counsel for Aunt Bertha

likewise did not respond to the NLRB's request for its position.

In addition, the NLRB moves to expedite oral argument and

decision in these cases. Fifth Circuit Rule 47.7 requires the expedition

of several classes of cases, among which are "(4) actions for temporary

or preliminary injunctive relief, and (5) any other action if good cause

therefor is shown."

These are no run-of-the-mill preliminary injunctions; they are

blocking the holding of unfair-labor-practice hearings in three cases.

These injunctions have, quite simply, put justice on hold for plaintiffs-

appellees' employees for the duration of this case. Delay is regrettable

in any case, but particularly so in unfair-labor-practice cases. *See*

*Lineback v. Spurlino Materials, LLC*, 546 F.3d 491, 502 (7th Cir. 2008)

("[T]he public interest is furthered, in part, by ensuring that an unfair

labor practice will not succeed because the Board takes too long to

investigate and adjudicate the charge.") (cleaned up). The injunctions

entered here pose a serious threat that the underlying unfair-labor-

practice hearings will be held, if at all, only "after records have been

destroyed, witnesses have gone elsewhere, and recollections of the

events in question have become dim and confused[.]" *Machinists Local Lodge No. 1424 v. NLRB*, 362 U.S. 411, 419 (1960) (quoting H. R. Rep. No. 245, 80th Cong., 1st Sess., p. 40). Expediting this appeal provides a moderate means to mitigate any such harms.

It should also be noted that Congress has expressly directed that cases involving allegations of discriminatory discharge under Section 8(a)(3) of the NLRA should be expedited. 29 U.S.C. § 160(m). Case No. 24-10855 attacks the constitutionality of an unfair-labor-practice complaint that is, in turn, founded upon charges that Appellee Aunt Bertha (among other things) discharged two union supporters in violation of Section 8(a)(3).

Any burden which would be imposed by expediting oral argument and decision in this appeal is minimal. The issues presented are primarily legal, and because the courts below held no evidentiary hearings and found no facts, any factual disputes would need to be resolved on remand in any event. The appellate records are extremely short, essentially consisting of nothing more than the parties' briefs and the decisions below. For these reasons, this Court should expedite the consolidated appeals toward swift decision.

3. Finally, two of the captions in these cases contain typographical errors. First, the caption in case no. 24-50627 refers to the plaintiff as "Space Exploration Technologies, Corporation". The correct legal name of the plaintiff in that case is "Space Exploration Technologies Corporation." The interpolated comma should be removed from the official caption.

Second, the caption in case no. 24-40533 lists as a defendant "John Doe, in their official capcity [sic] as an Administrative Law Judge of the National Labor Relations Board"; the word "capcity" should be corrected to "capacity."

Respectfully submitted,

NATIONAL LABOR RELATIONS BOARD
*Contempt, Compliance and*
  *Special Litigation Branch*

KEVIN P. FLANAGAN
*Deputy Assistant General Counsel*

PAUL A. THOMAS
*Supervisory Attorney*

s/ David P. Boehm
DAVID P. BOEHM

*Trial Attorney*
David.Boehm@NLRB.gov
T: (202) 273-4202
F: (202) 273-4244

National Labor Relations Board
Contempt, Compliance, and
   Special Litigation Branch
1015 Half Street, S.E., Fourth Floor
Washington, D.C. 20003

Dated at Washington, D.C.,
This 2nd day of October, 2024.

## CERTIFICATE OF SERVICE

I hereby certify that on October, 2, 2024, I electronically filed the National Labor Relations Board's Omnibus Motion to Consolidate, to Expedite, and to Amend Captions with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the CM/ECF system. Participants in this case who are registered CM/ECF users will be served by the CM/ECF system.

Respectfully submitted,

s/ David P. Boehm
David P. Boehm
 Attorney
 (202) 273-4202
 David.Boehm@nlrb.gov

Dated at Washington, DC.
this 4th day of October, 2024

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because this motion contains 1,443 words. This motion complies with the typeface requirements of Fed. R. App. P. 27(d)(1)(E) and 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this motion has been prepared in a proportionally spaced typeface using Microsoft Word in size 14 Times New Roman.

s/ David P. Boehm
David P. Boehm
 Attorney
 (202) 273-4202
 David.Boehm@nlrb.gov

Dated at Washington, DC.
this 2nd day of October, 2024