# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
October 14, 2025

Lyle W. Cayce
Clerk

No. 24-50627

---

Space Exploration Technologies Corporation,

*Plaintiff—Appellee*,

*versus*

National Labor Relations Board; Jennifer Abruzzo, *in her official capacity as the General Counsel of the National Labor Relations Board*; Marvin Kaplan, *in his official capacity as the Chairman of the National Labor Relations Board*; Marvin E. Kaplan, *in his official capacity as Board Member of the National Labor Relations Board*; Gwynne A. Wilcox, *in her official capacity as Board Member of the National Labor Relations Board*; David M. Prouty, *in his official capacity as Board Member of the National Labor Relations Board*; John Doe, *Administrative Law Judge NLRB*,

*Defendants—Appellants*,

### consolidated with

24-40533

---

Energy Transfer, L.P.; La Grange Acquisition, L.P.,

*Plaintiffs—Appellees*,

No. 24-50627
c/w Nos. 24-10855, 24-40533

*versus*

NATIONAL LABOR RELATIONS BOARD; JENNIFER ABRUZZO, *in her official capacity as the General Counsel of the National Labor Relations Board*; MARVIN KAPLAN, *in his official capacity as the Chairman of the National Labor Relations Board*; MARVIN E. KAPLAN, *in their official capacities as Board Members of the National Labor Relations Board*; GWYNNE A. WILCOX, *in their official capacities as Board Members of the National Labor Relations Board*; DAVID M. PROUTY, *in their official capacities as Board Members of the National Labor Relations Board*; JOHN DOE, *in their official capacity as an Administrative Law Judge of the National Labor Relations Board*,

*Defendants—Appellants*,

CONSOLIDATED WITH

_____

24-10855

_____

AUNT BERTHA, *doing business as* FINDHELP,

*Plaintiff—Appellee*,

*versus*

NATIONAL LABOR RELATIONS BOARD, A FEDERAL ADMINISTRATIVE AGENCY; JENNIFER ABRUZZO, *in her official capacity as the General Counsel of the National Labor Relations Board*; MARVIN KAPLAN, *in his official capacity as the General Counsel of the National Labor Relations Board*; MARVIN E. KAPLAN; GWYNNE A. WILCOX; DAVID M. PROUTY, *in their official capacities as Board Members of the National Labor Relations Board*; JOHN DOE, *in their official capacity as an Administrative Law Judge of the National Labor Relations Board*,

*Defendants—Appellants.*

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:24-CV-203
USDC No. 4:24-CV-798
USDC No. 3:24-CV-198

_____

ORDER[*]

The Office and Professional Employees International Union (OPEIU) has filed a renewed motion to intervene in this consolidated appeal. We denied OPEIU's previous motion to intervene because the National Labor Relations Board (NLRB) then adequately represented OPEIU's interests in this litigation; because OPEIU, in January 2025, sent a letter to FindHelp disclaiming any interest in the dispute; because we had already considered OPEIU's amicus brief on appeal; because it did not seek intervention in the district court, and because, after we granted its eleventh-hour motion to intervene on February 5, OPEIU failed to appear at oral argument.

All but the first of those reasons remain unchanged. The NLRB has now informed OPEIU that it will not file a petition for writ of certiorari, and as a result, the NLRB's interests no longer fully align with OPEIU's. *See Cameron v. EMW Women's Surgical Ctr., P.S.C.*, 595 U.S. 267, 280–81 (2022) (citing *United Airlines, Inc. v. McDonald*, 432 U.S. 385, 394 (1977)). Although OPEIU arguably had notice of that misalignment when the NLRB declined to defend the constitutionality of the agency's structure, we assume

---

[*] This order is not designated for publication. *See* 5TH CIR. R. 47.5.

that the NLRB's decision not to seek certiorari makes OPEIU's motion timely. *Cf id.* (holding that a motion to intervene on appeal was timely when the defendant declined to seek certiorari or rehearing en banc). But timeliness alone does not entitle a party to intervene at this stage, and our remaining reasons for denial remain dispositive.

As we have explained before, "a court of appeals may, but *only in an exceptional case for imperative reasons*, permit intervention where none was sought in the district court." *Richardson v. Flores*, 979 F.3d 1102, 1104 (5th Cir. 2020) (quotations omitted). Because no rule authorizes "motions to intervene on appeal," such motions are "reserved for truly exceptional cases." *Id.* This is not such a case. We already considered OPEIU's merits arguments in reaching our prior judgment. OPEIU previously disclaimed any interest in the litigation. It declined to appear at oral argument. And it never sought intervention in the district court.

IT IS ORDERED that OPEIU's opposed motion to intervene for the purpose of seeking review of this panel's judgment by filing a petition for writ of certiorari in the Supreme Court of the United States is DENIED.

/s/Don. R. Willett
Don R. Willett
*United States Circuit Judge*